UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-22492-CIV-HUCK

MARTIN RAVIN, et al.,

    Plaintiffs,

vs.

GEOFFREY L. HOCKMAN, et al.,

    Defendants.
_____/

### ORDER DISMISSING MISJOINED PLAINTIFFS

THIS CAUSE is before the Court to determine whether the 37 Plaintiffs are in compliance with Rule 20(a), Federal Rules of Civil Procedure, such that they may be joined in this single action against the Defendants. The Court has considered the Complaint for Injunctive, Declaratory and Other Legal and Equitable Relief, Plaintiffs' Memorandum of Law with Respect to the Application of Rules 10(b) and 20(a), Rules of Civil Procedure, Defendants' Memorandum of Law Relating to Plaintiffs' Noncompliance with Federal Rules of Civil Procedure 10(b) and 20(a) by Misjoinder of Claims and Party Plaintiffs, Plaintiffs' Reply Memorandum and other relevant portions of the record. For the reasons discussed below, the Court finds that the Plaintiffs have been improperly joined in this single action in violation of Rule 20(a).

Rule 20(a) provides the basis for joining more than one party in a single action:

> (a) Permissive Joinder. All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action.

The Court, in determining whether these 37 Plaintiffs are properly joined, next analyzes the

allegations in their Complaint. On October 5, 2006, 37 Plaintiffs[1] brought this action against four individuals, Geoffrey Hockman, Jason Hockman, Douglas Low and Jennifer Falor, and a Michigan limited liability company, MSD Investments, LLC ("MSD"), seeking to recover losses Plaintiffs allegedly suffered in connection with varying investments in four hotel-to-condominium conversion projects in South Florida and Chicago. The following paragraphs in the Complaint characterize the investments:

> 12. The Hockman Group and the Falor Group and their professional advisors followed a formulistic approach with each property. The Defendants created a limited liability company for investors ("Investor LLC"), i.e., Mayfair Hotel Property Investors, LLC, Tides Hotel Investors, LLC, Printers Row Investors, LLC, and South Beach Investors, LLC (collectively "Investor LLCs), and a limited liability company for managing the affairs of each Investor LLC and, in most cases, the renovation construction, sales and operation of each hotel condominium i.e. Mayfair Hotel Manager, LLC, Tides Manager, LLC, Printers Row Manager, LLC and South Beach Manager, LLC (collectively "Manager LLCs"). In every instance, Jeff Hockman MSD and Robert Falor would act as the co-managing members of the Manager LLCs at the top of their pyramid scheme.
>
> 13. The Hockman Group and the Falor Group offered and sold to Plaintiffs "investment units" which are securities and which represented membership interests in the Investor LLCs.
>
> 14. Additionally, the Defendants raised funds by selling "commercial units" in the Manager LLCs to individual investors and to themselves and by transfering Manager LLC units as security for "promissory notes" to certain investors and affiliates of the Hockman Group and the Falor Group or by giving other "notes" in exchange for funds.
>
> 15. In total, the Hockman Group and the Falor Group gathered from Plaintiffs and other Investors over $15 million for their various projects.

It is alleged that various and different Plaintiffs invested in one or more of the projects as

---

[1] The 37 Plaintiffs, which for the sake of brevity need not be listed here, consist of numerous individuals, corporations, limited liability companies and trusts residing or located in several different states as reflected in the style of this case.

2

follows: (see table).   The following table sets forth the investments of each Plaintiff as indicated by an "X":

| Plaintiff | Printers Row Manager, LLC | Printers Row Investors, LLC | Mayfair Hotel Property Investors, LLC | Mayfair Hotel Property Manager, LLC | South Beach Investors, LLC | South Beach Manager, LLC | Tides Hotel Investors, LLC | Tides Hotel Manager, LLC |
|---|---|---|---|---|---|---|---|---|
| Martin Ravin | | | | | | | | |
| Jacques A. Machol III | X | | X | | X | | | |
| R-Mac Development, Inc. (Plaintiffs Ravin and Machol are shareholders) | X | | X | | X | | X | |
| Applied Investors, LLC | X | | | | | | | |
| KGB Capital, LLC | | | X | | | | | |
| South Florida Investment Co., LLC | | | | | | | X | |
| Polk Family 2000 Dynasty Trust | X | | | | X | | X | |
| Judith S. And Ralph S. Abrams JTWROS | X | | | | X | | X | |
| Anwalt Hotel Holdings, LLC | | | X | | X | X | | X |
| Richard M. Beaver | | X | | | | | | |

3

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Dr. Toni Louise Carmen | | X | | | X | | X | |
| Ms. M. Connell | | | X | | | | X | |
| Michael and Meghan Craig JTWROS | | X | | | | | X | |
| Samuel Frankel | | X | | | X | | X | |
| DHG Capital, LLC | | | | | X | | | |
| Kenneth H. Goodman | | | | | X | | | |
| Lawrence Z. Goodman | | | | | X | | | |
| Michael I. Goodman | | | | | X | | | |
| HGCO, LLC | | | | | X | | X | |
| JCR Group, PA | X | | X | X | | X | | X |
| Randall D. Johannes | | | X | | | | | |
| Ekkehard Klinge and Malia Soo Choon-Klinge | | X | | | X | | | |
| Kenneth Koles | | X | X | | X | | X | |
| David and Eugenia La Fleur JTWROS | | X | | | | | X | |
| Jacques A. Machol Jr | X | | X | | X | | X | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Pamela Machol | | | | | | | X | |
| Brian Meier | | | | | X | | | |
| Conrad Morgenstern | | | | | X | | | |
| Joy Norwood | | | | | | | X | |
| Omni Mobile Communications Consultants, LLC | | | X | X | X | X | | X |
| Scott Santi | X | | | | | | | |
| Gail M. Smith | | | | | X | | | |
| Southington Enterprises | | X | | | X | | X | |
| Joan Tener Trust | X | | | | | | X | |
| Edward Verderber | | | | | X | | | |
| William Wade | X | | | | | | | |
| Michael Wojdcz | | X | | | X | | X | |

Nevertheless, all Plaintiffs join together in claims for an accounting by the Hockman Group (Count I); Exchange Act § 10(b) violations against Jeff and Jason Hockman (Count II); Exchange Act §20(a) violations against Jeff and Jason Hockman and MSD (Count III); Florida Statutes Chapter 517 violations against the Hockman Group (Count IV); fraud in the inducement by Jeff and Jason Hockman and MSD (Count V); fraud against the Hockman Group(Count VIII); unjust enrichment (Count IX); conspiracy to commit fraud by the Hockman Group(Count X); conversion against the Hockman Group (Count XI); negligent misrepresentation against Jeff and Jason Hockman and MSD (Count XII); aiding and abetting breach of fiduciary duty against Jason Hockman and Douglas Low (Count XIII); and unjust enrichment against Jennifer Falor (Count XIV). Additionally, Plaintiffs in

5

the Investor LLCs join together in suing Jeff Hockman and MSD for breach of fiduciary duty (Count VI), as do the Plaintiffs in the Manager LLCs (Count VII).

The claims presented by Plaintiffs here do not arise out of the same transactions or series of transactions. While the investments at issue were promoted in all instances by the same Defendants, the subject real property for each investment is different, as is the legal entity in which the Plaintiff invested. Moreover, the foundation of all of Plaintiffs' claims rests on, as Plaintiffs phrase it, "Misrepresentations about or concerning the Specific Properties".

The Complaint, consisting of 340 paragraphs, contains separate sections relating to each of the four projects. For example, paragraphs 146 through 159 describe the Mayfair Hotel project, the project's related Subscription Agreement and financial statements with financial projections presented to investors of that project which contained misrepresentations and material omissions. Those paragraphs also allege Defendants' oral misrepresentations made to those investors regarding the progress made in the conversion of the hotel and how those investors relied on Defendants' misrepresentations. Similarly, for each of the other three projects there are separate, distinct allegations regarding the nature of the project, its specific subscription agreements, of Defendants' written and oral fraudulent misrepresentations and the respective investors reliance on those separate fraudulent representations: Tides Hotel, paragraphs 160 through 177; Printers Row Hotel, paragraphs 178 through 192; and the Breakwater and Edison Hotels (South Beach), paragraphs 192 through 208. It is clear from these allegations that each Plaintiff has an individual, distinguishable claim based on his, her or its investment in a specific project or projects, and his, her or its reliance on Defendants' misrepresentation made specifically about that project or projects.

This case is clearly not one dependant on a single, uniform large public offering completely described and contained in a written prospective provided to each investor. Here each of the four projects has its own unique written investment material, including financial statements. By Plaintiffs own allegations, in addition to these four difference sets of investment materials, relevant, oral misrepresentations were made both before and after investments were made. Even the written materials contain statements which indicate that investments were made based on individualized presentations to investors, who made individualized investigations and analyses of his, her or its investments. Just as one example, the Printers Row Investors, LLC subscription agreement provides:

6

      3.  **Review of Materials**.  I acknowledge receipt of copies of, and have reviewed, or been availed of the opportunity to review, all documents, which have been available for review on request, including any amendments and supplements thereto, pertinent to my investment in the Units (the "Materials") which include:

      (a) Articles of Organization, Operating Agreement and other relevant company documents of the Company;

      (b) Articles of Organization and Operating Agreement of Printers Row, LLC;

      (c) Real estate purchase agreement in connection with the Project;

      (d) The Hotel Management Agreement and the Asset Management Agreement; and

      (e) Such other information as I have asked to review and that had been provided to us.

      . . .

      5.  **Representations and Warranties**. . .  I make the following agreements, representations, declarations, acknowledgments, and warranties, with the intent that the Company may rely upon them . . . .

      (e) I acknowledge that the Company has made all documents pertaining to the transaction described in the Materials available to me and my purchaser representatives, if any, and has *allowed me or my advisors an opportunity to ask questions and receive answers thereto and to verify and clarify any information contained in the Materials* . . . .

      (f) I have relied solely upon Materials, *advice of my advisors, and independent investigations made by me or my Purchaser Representatives*, in making the decision to purchase the Units subscribed for herein.  I acknowledge that any discussions or materials that accompany the Materials are for general information only, and that no representations or agreements other than those set forth in the Materials have been made to me in that respect.
(Bold in original; italics supplied).

Thus, it is abundantly clear that Plaintiffs cannot rely on a "one size fits all" approach to their fraud claims.  The investment documents themselves reflect, as do Plaintiffs' allegations, that the promotion of each investment, in each of the four projects was accomplished through a series of face-

to-face individualized meetings, with investors of varying degrees of investment experience and goals. Some investors are individuals, some corporations, some limited liability companies and some trusts. Moreover, Plaintiffs do not, and likely could not in good faith, allege that the same combination of misrepresentations were made with regard to each project or to each Plaintiff.  Plaintiffs do not assert a right to relief jointly or severally; their respective investments do not arise out of the same transaction, occurrence or series of transactions or occurrences.  There are no questions of law or facts which are common to all Plaintiffs.  Each Plaintiff bases his, her or its claims on Defendants' different fraudulent misrepresentations made at various times, in various ways to investors with differing levels of experience and sophistication in these types of real estate investments.

Plaintiffs' own allegations of the individualized nature of each investor's claim belies their contention that Plaintiffs are all properly joined and that their respective claims may properly proceed on a consolidated basis.  There is not a typical or hypothetical investor or investment which is common to all claims asserted here.  With regard to the alleged securities fraud claims, Plaintiffs concede that they do not and cannot rely on a fraud-on-the-market theory to prove reliance. Therefore, each Plaintiff must prove that he or she actually relied on the Defendants' misrepresentations in making an investment on one or more of the four projects. *Gochnauer v. A.G. Edwards & Sons, Inc.*, 810 F.2d 1042, 1047 (11th Cir. 1987).  Likewise, with their other fraud claims, each Plaintiff would need to establish his or her reliance on Defendants' misrepresentations.  *See, e.g. Lance v. Wade*, 457 So.2d 1008, 1011 (Fla. 1984); *Foreline Sec. Corp. v. Scott*, 871 So.2d 906, 910 (5th DCA 2004).  These legal and factual requirements  certainly undermine Plaintiffs' argument that they are properly joined under Rule 20(a).  *See Basic Inc. v. Levinson*, 485 U.S. 224, 242 (1988); (the need to individually prove reliance "effectively would have prevented respondents from proceeding with a class action, since individual issues then would have overwhelmed the common ones."); *Andrews v. AT&T*, 95 F.3d 1014, 1025 (11th Cir. 1996) ("Even if it could be shown that the appellants were engaged in a scheme to defraud and made misrepresentations to further that scheme, the plaintiffs would still have to show, on an individual basis, that they relied on the misrepresentations, suffered injury as a result, and incurred a demonstrative amount of damages."); *Insolia v. Philip Morris, Inc.*, 186 F.R.D. 547, 548-49 (W.D. Wis. 1999)("Problems associated with the "same transaction" requirement have arisen often in the context of securities fraud lawsuits

involving multiple plaintiffs. The general consensus that emerges from these cases is that Rule 20 demands more than the bare allegation that all plaintiffs are victims of an fraudulent scheme perpetrated by one or more defendants; there must be some indication that each plaintiff has been induced to act by the same misrepresentation.")

In determining whether to exercise its discretion to allow joinder of numerous diverse Plaintiffs, with numerous different and individualized claims, as here, the Court has considered the letter of Rule 20(a) and the underlying policy considerations justifying joinder under that rule. Those are "the promotion of efficiency, convenience, consistency... and fundamental fairness." *Insolia*, 186 F.R.D. at 549. In doing so, the Court has determined that these policy considerations would be undermined, rather than promoted, by permitting this action to proceed as a 37-plaintiff, multiple count, mega case involving virtually hundreds of different variations of claims arising out of eight different investment vehicles associated with four different real estate projects. It is the Court's finding, after considering all of the arguments presented by the parties, that litigating what are in reality 37 separate lawsuits in one proceeding, while initially and facially seemingly appealing in terms of efficiency and convenience would, in fact, be very inefficient[2]. Moreover, such a presentation to a jury would lead to jury confusion and prejudice to Defendants.

In addition to its expressed concerns about the permissibility of joining 37 Plaintiffs in this single action under Rule 20(b), the Court notes that by grouping 37 individual claims in the 15 "joint" counts, the Plaintiffs have apparently not complied with Rule 9(b), Federal Rules of Civil Procedure. Rule 9(b) requires that fraud be plead with particularity. Plaintiffs have also failed to comply with the Private Securiteis Litigation Reform Act, which requires each Plaintiff to "specify each statement alleged to have been misleading" with regards to each Plaintiffs' own investment. 15 U.S.C. §78u-4(b)(1)(B). Further compounding the problem which the Court has encountered in evaluating this Complaint, the Complaint fails to individually state the claim or claims of each listed Plaintiff, a requirement of Federal Rules of Civil Procedure, Rule 10(b). Rather, the Plaintiffs attempt to pour

---

[2]The Court acknowledges that some efficiency, convenience, economy and consistency could be accomplished in pretrial matters by cooperation and coordination among several or all of the Plaintiffs and Defendants. However, this may be accomplished without the joiner of all Plaintiffs, with its adverse results.

all of their claims into each of the "joint" counts. Thus, Plaintiffs seem to have attempted to create a new kind of group action, even though the basis for their claims is clearly individualized. Those obvious and serious pleading deficiencies further support the Court's conclusion that the Plaintiffs are misjoined in one lawsuit.

Accordingly, the Court concludes that these Plaintiffs are improperly joined in this single action and that this action may proceed with only one Plaintiff. All other Plaintiffs will be dismissed from this action without prejudice to refile their claims as individual cases. On or before January 16, 2007, Plaintiffs should designate one among them to proceed in this action by filing an amended complaint in the name of that designated Plaintiff.

DONE and ORDERED in Chambers at Miami, Florida this 3rd day of January, 2007.

_____
PAUL C. HUCK
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All counsel of record